UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK McCULLUM,<br><br>            Plaintiff,<br><br>   v.<br><br>ANITA TROTTY,<br><br>            Defendant. | No.  2:14-cv-2524 JAM CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Defendant is proceeding in this action pro se.  Defendant has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302(c)(21).

      Defendant has submitted the affidavit required by § 1915(a) showing that defendant is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

      This action was removed from state court.  Removal jurisdiction statutes are strictly construed against removal.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  The party invoking removal bears the burden of establishing federal jurisdiction.  Hunter v. Philip Morris USA, 582 F.3d 1039

/////

1  (9th Cir. 2009).  Where it appears the district court lacks subject matter jurisdiction, the case shall
2  be remanded.  28 U.S.C. § 1447(c).

3       In conclusory fashion, the removal petition alleges the complaint is subject to federal
4  question jurisdiction.  Removal based on federal question jurisdiction is proper only when a
5  federal question is presented on the face of the plaintiff's properly pleaded complaint.  Caterpillar
6  Inc. v. Williams, 482 U.S. 386, 392 (1987).  However, the exhibits attached to the removal
7  petition establish the state court action is nothing more than a simple unlawful detainer action,
8  and the state court action is titled as such.  Defendant also asserts that diversity jurisdiction is
9  proper.  However, it is evident from the pleadings that both plaintiff and defendant are citizens of
10 the same state.  Diversity jurisdiction is therefore lacking.  Defendant has failed to meet her
11 burden of establishing federal jurisdiction and the matter should therefore be remanded.  See
12 generally Singer v. State Farm Mutual Automobile Insurance Co., 116 F.3d 373, 375-376 (9th
13 Cir. 1997).

14      Accordingly, IT IS HEREBY ORDERED that defendant's request to proceed in forma
15 pauperis (ECF No. 2) is granted; and

16      IT IS HEREBY RECOMMENDED that the above-entitled action be summarily remanded
17 to the Superior Court of California, County of San Joaquin.

18      These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
20 after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
23 shall be served and filed within seven days after service of the objections.  The parties are advised
24 that failure to file objections within the specified time may waive the right to appeal the District
25 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26 Dated:  November 3, 2014

27 _____
   CAROLYN K. DELANEY
28 4 mccullum.remud    UNITED STATES MAGISTRATE JUDGE